IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSE G. CUARENTA-RAMOS, J. CARMEN　　　　　　　　　　　　　　　　PLAINTIFFS
PENA-MARES, JOSE RODRIGUEZ-HERNANDEZ,
and PEDRO YANEZ-VAZQUEZ

VS.　　　　　　　　　CASE NO.: 4:09-CV-368 SWW

JACK ODOM D/B/A ODOM FARMS　　　　　　　　　　　　　　　　　　　　DEFENDANT

## ANSWER TO COMPLAINT

Comes now the Defendant Jack Odom d/b/a Odom Farms (hereinafter "Odom"), by and through his counsel of record, and submits his Answer to the Plaintiffs' Complaint as follows:

1.　　Odom admits he employed the Plaintiffs at their request and that they have filed their Complaint against him. Odom denies that he confiscated the Plaintiffs' passports and denies all of the allegations in Paragraph 1 of the Complaint related to the referenced "shed" and the Plaintiffs' confinement thereto. Odom denies that the Plaintiffs were forced to labor under conditions violating federal immigration and labor laws or their employment contracts. Odom denies that the Plaintiffs were subjected to verbal abuse or harassment and that he threatened the Plaintiffs as alleged. Odom lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within Paragraph 1 of the Plaintiffs' Complaint. Pleading in the affirmative, Odom states that at all times relevant hereto, the conditions of the Plaintiffs' workplace and living quarters complied with federal and state law.

2.　　Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within Paragraph 2 of the Plaintiffs' Complaint.

1

3. Paragraph 3 of the Plaintiffs' Complaint is admitted.

4. Paragraph 4 of the Plaintiffs' Complaint is admitted.

5. Paragraph 5 of the Plaintiffs' Complaint is admitted.

6. Paragraph 6 of the Plaintiffs' Complaint is admitted.

7. Paragraph 7 of the Plaintiffs' Complaint is admitted.

8. Paragraph 8 of the Plaintiffs' Complaint is admitted.

9. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Plaintiffs' Complaint.

10. Paragraph 10 of the Plaintiffs' Complaint is admitted.

11. Paragraph 11 of the Plaintiffs' Complaint is admitted.

12. Paragraph 12 of the Plaintiffs' Complaint is admitted.

13. Paragraph 13 of the Plaintiffs' Complaint is admitted.

14. Paragraph 14 of the Plaintiffs' Complaint is admitted.

15. Paragraph 15 of the Plaintiffs' Complaint is admitted.

16. Paragraph 16 of the Plaintiffs' Complaint is admitted.

17. Paragraph 17 of the Plaintiffs' Complaint is admitted.

18. Paragraph 18 of the Plaintiffs' Complaint is admitted.

19. Paragraph 19 of the Plaintiffs' Complaint is denied.

20. Odom admits only that Angel Rico has been employed by Odom as a temporary non-immigrant agricultural worker lawfully admitted to the United States pursuant to 8 U.S.C. § 11019a)(15)(H)(ii)(a) but denies that Mr. Rico.

21.     Odom admits that Separate Plaintiffs Jose Guadalupe Cuarenta-Ramos ("Ramos"), Jose Rodriquez-Hernandez ("Hernandez") and Pedro Yanez-Vazquez ("Vazquez") worked on Odom's farms in 2006 and 2007. Odom admits that Separate Plaintiff J. Carmen Pena-Mares ("Mares") worked on Odom's farms in 2007 and that Ramos worked on Odom's farms in 2008. All other allegations contained within Paragraph 21 of Plaintiffs' Complaint are denied.

22.     Paragraph 22 of the Plaintiffs' Complaint is denied. Pleading affirmatively, Odom asserts that each Plaintiff had access at all times to his passport and that Odom never denied any of the Plaintiffs access to or use of their passports.

23.     Paragraph 23 of the Plaintiffs' Complaint is denied. Pleading affirmatively, Odom asserts that each Plaintiff had access at all times to his passport and that Odom never denied any of the Plaintiffs access to or use of their passports.

24.     Paragraph 24 of the Plaintiffs' Complaint is denied.

25.     Paragraph 25 of the Plaintiffs' Complaint is denied. Pleading affirmatively, Odom states that each of the Plaintiffs had, at all times relevant hereto, access to their respective passport and that each Plaintiff was also given a laminated copy of their respective passport to use.

26.     Paragraph 26 of the Plaintiffs' Complaint is denied.

27.     Odom admits that on one occasion he insisted that one of the Plaintiffs honor his agreement and continue working through the season but that Odom did not require the Plaintiff to continue working on the farm after the season, even though the Plaintiff had agreed to do so at

the commencement of his employment. The remaining allegations contained in Paragraph 27 of the Plaintiffs' Complaint are denied. Pleading affirmatively, Odom asserts that none of the Plaintiffs fully performed their agreements during 2006, 2007 and/or 2008, respectively.

28. Odom admits that none of the Plaintiffs were permitted to drive vehicles because none of them possessed a duly issued driver's license. Odom admits that the Plaintiffs were permitted to ride as passengers in vehicles driven by Angel Rico because Mr. Rico did possess a valid and duly issued driver's license. The remaining allegations of Paragraph 28 are denied. Pleading affirmatively, Odom states that the Plaintiffs went to a local flea market approximately once a week while they were employed by Odom.

29. Paragraph 29 of the Plaintiffs' Complaint is denied.

30. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 30 of the Plaintiffs' Complaint.

31. Paragraph 31 of the Plaintiffs' Complaint is denied.

32. Paragraph 32 of the Plaintiffs' Complaint is denied.

33. Odom admits that the Plaintiffs did not appear to be fluent in the English language. Odom lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 33 of the Plaintiffs' Complaint.

34. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

35. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Plaintiffs' Complaint.

36. Paragraph 36 of the Plaintiffs' Complaint is denied.

37. Paragraph 37 of the Plaintiffs' Complaint is denied.

38. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Plaintiffs' Complaint.

39. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Plaintiffs' Complaint.

40. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of the Plaintiffs' Complaint.

41. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 of the Plaintiffs' Complaint.

42. Paragraph 42 of the Plaintiffs' Complaint is denied.

43. Paragraph 43 of the Plaintiffs' Complaint is admitted. Pleading affirmatively, Odom states that he did advance monies to the Plaintiffs for certain expenses and that he otherwise compensated them in accordance with Odom's application submitted to and approved by the U.S. Department of Labor's Employment and Training Administration.

44. Paragraph 44 of the Plaintiffs' Complaint is denied.

45. Paragraph 45 of the Plaintiffs' Complaint is denied.

46. Paragraph 46 of the Plaintiffs' Complaint is denied.

47. Odom admits that the Plaintiffs' contracts speak for themselves and denies the remaining allegations of Paragraph 47 of the Plaintiffs' Complaint.

48. Odom admits that he agreed to provide each of the Plaintiffs with (a) free housing meeting applicable federal requirements, (b) free transportation for groceries and other purchases approximately once a week, (c) compensation on a bi-weekly basis, (d) earning statements for each payroll period, (e) hourly pay in accordance with applicable federal and state law, (f) free transportation and subsistence as required by law, (g) free transportation from place of housing to worksite, and (h) assurances that Odom would comply with all applicable laws and regulations. Odom denies the remaining allegations of Paragraph 48 of the Plaintiffs' Complaint.

49. Paragraph 49 of the Plaintiffs' Complaint is admitted.

50. Paragraph 50 of the Plaintiffs' Complaint is admitted.

51. Odom admits that the Plaintiffs were provided free living quarters, separate and apart from where sweet potatoes were stored, that meet applicable federal law requirements. Odom denies the remaining allegations of Paragraph 51 of the Plaintiffs' Complaint. Pleading affirmatively, Odom states that the living quarters have been inspected by the U.S. Department of Labor and have been approved, with only minor changes.

52. Odom admits that the Plaintiffs were provided free living quarters that meet applicable federal law requirements. Pleading affirmatively, Odom states that the living quarters have been inspected by the U.S. Department of Labor and have been approved, with only minor changes. Odom denies the remaining allegations of Paragraph 48 of the Plaintiffs' Complaint. Pleading further, Odom states that the Plaintiffs would improperly charge any time they spent

cleaning their living quarters to Odom, and Odom paid the Plaintiffs for such time at their applicable hourly rate even though not required to do so by law.

53. Paragraph 53 of the Plaintiffs' Complaint is denied.

54. Paragraph 54 of the Plaintiffs' Complaint is denied.

55. Paragraph 55 of the Plaintiffs' Complaint is denied.

56. Paragraph 56 of the Plaintiffs' Complaint is denied.

57. Paragraph 57 of the Plaintiffs' Complaint is denied.

58. Paragraph 58 of the Plaintiffs' Complaint is denied.

59. Paragraph 59 of the Plaintiffs' Complaint is denied.

60. Paragraph 60 of the Plaintiffs' Complaint is denied.

61. Odom admits that he compensated the Plaintiffs as required by law and denies the remaining allegations contained in Paragraph 61 of the Plaintiffs' Complaint.

62. Paragraph 62 of the Plaintiffs' Complaint is denied.

63. Paragraph 63 of the Plaintiffs' Complaint is denied.

64. Paragraph 64 of the Plaintiffs' Complaint is denied.

65. Odom lacks knowledge or information sufficient to form a belief about the truth of the allegations contained Paragraph 65 of the Plaintiffs' Complaint.

66. Paragraph 66 of the Plaintiffs' Complaint is denied. Pleading affirmatively, Odom asserts that he never discharged Separate Plaintiff Ramos.

67. Paragraph 67 of the Plaintiffs' Complaint is denied.

68. Paragraph 68 of the Plaintiffs' Complaint is denied.

69. Paragraph 69 of the Plaintiffs' Complaint is denied.

70. Paragraph 70 of the Plaintiffs' Complaint is denied.

71. Paragraph 71 of the Plaintiffs' Complaint is denied.

72. Paragraph 72 of the Plaintiffs' Complaint is denied.

73. Paragraph 73 of the Plaintiffs' Complaint is denied.

74. Defendant hereby incorporates each answer and statement set forth in Paragraphs 1 through 73 of this Answer, as though restated herein word for word.

75. Defendant admits that 18 U.S.C. § 1590 speaks for itself and denies the remaining allegations set forth in Paragraph 75 of the Plaintiffs' Complaint.

76. Defendant admits that 18 U.S.C. § 1592 speaks for itself and denies the remaining allegations set forth in Paragraph 76 of the Plaintiffs' Complaint.

77. Paragraph 77 of the Plaintiffs' Complaint is denied.

78. Paragraph 78 of the Plaintiffs' Complaint is denied.

79. Paragraph 79 of the Plaintiffs' Complaint is denied.

80. Paragraph 80 of the Plaintiffs' Complaint is denied.

81. Defendant hereby incorporates each answer and statement set forth in Paragraphs 1 through 80 of this Answer, as though restated herein word for word.

82. Defendant admits that 18 U.S.C. § 1589 speaks for itself and denies the remaining allegations set forth in Paragraph 82 of the Plaintiffs' Complaint.

83. Paragraph 83 of the Plaintiffs' Complaint is denied.

84. Paragraph 84 of the Plaintiffs' Complaint is denied.

85. Paragraph 85 of the Plaintiffs' Complaint is denied.

86. Paragraph 86 of the Plaintiffs' Complaint is denied.

87. Paragraph 87 of the Plaintiffs' Complaint is denied.

88. Defendant hereby incorporates each answer and statement set forth in Paragraphs 1 through 87 of this Answer, as though restated herein word for word.

89. Paragraph 89 of the Plaintiffs' Complaint is denied.

90. Paragraph 90 of the Plaintiffs' Complaint is denied.

91. Paragraph 91 of the Plaintiffs' Complaint is denied.

92. Paragraph 92 of the Plaintiffs' Complaint is denied.

93. Defendant hereby incorporates each answer and statement set forth in Paragraphs 1 through 92 of this Answer, as though restated herein word for word.

94. Paragraph 94 of the Plaintiffs' Complaint is denied.

95. Paragraph 95 of the Plaintiffs' Complaint is denied.

96. Paragraph 96 of the Plaintiffs' Complaint is denied.

97. Defendant hereby incorporates each answer and statement set forth in Paragraphs 1 through 96 of this Answer, as though restated herein word for word.

98. Odom admits that Separate Plaintiffs Ramos, Hernandez and Vazquez were employed by Odom in 2006 and 2007. Odom admits that Separate Plaintiff Mares was employed by Odom in 2007 and that Separate Plaintiff Ramos was employed by Odom in 2008. All other allegations contained within Paragraph 98 of Plaintiffs' Complaint are denied.

99. Paragraph 99 of the Plaintiffs' Complaint is admitted.

100. Paragraph 100 of the Plaintiffs' Complaint is denied.

101. Paragraph 101 of the Plaintiffs' Complaint is denied.

102. Paragraph 102 of the Plaintiffs' Complaint is denied.

103. Paragraph 103 of the Plaintiffs' Complaint is denied.

104. Paragraph 104 of the Plaintiffs' Complaint is denied.

105. Defendant demands a trial by jury.

WHEREFORE, the Defendant prays that this Court dismiss the Complaint of the Plaintiffs, deny the Plaintiffs any and all relief or recovery, and grant Defendant all other relief to which he may be entitled.

Respectfully submitted,

**JACK ODOM D/B/A ODOM FARMS**

W. Asa Hutchinson III, AR Bar No. 2001115
ahutchinson@ahlawgroup.com
THE ASA HUTCHINSON LAW GROUP, PLC
World Trade Center
3300 Market Street, Suite 404
Rogers, AR 72758
Telephone: (479)878-1600
Facsimile: (479)878-1605


/s/ ____W. Asa Hutchinson III____
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ms. Sarah Donaldson
Texas Riogrande Legal Aid, Inc.
300 South Texas Blvd.
Weslaco, Texas 78596
sdonaldson@trla.org

*Attorneys for Plaintiffs*

/s/      W. Asa Hutchinson III